IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MARK ANTHONY GOLDEN,<br><br>Petitioner,<br><br>v.<br><br>UNIT MANAGER VERONICA STEWART,<br><br>Respondent. | Case No. 7:25-cv-19-WLS-ALS |

### ORDER OF DISMISSAL

Pending before the Court is a petition for writ of habeas corpus filed by *pro se* Petitioner Mark Anthony Golden, seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner has also filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Petition challenges Petitioner's 1997 conviction and sentence in the Superior Court of Brooks County, Georgia, for kidnapping, armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. ECF No. 1 at 1. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A review of this Court's records reveals that Petitioner previously filed a § 2254 petition in this Court challenging this same conviction. That Petition was dismissed as

untimely. *See generally* ECF No. 18 in *Golden v. Frazier*, Case No. 7:09-cv-25-WLS (M.D. Ga. Mar. 31, 2010) (adopting recommendation to dismiss as untimely petition challenging 1997 conviction for burglary, possession of a firearm during the commission of a crime, kidnapping, armed robbery, and aggravated assault).

Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The instant Petition is considered successive within the meaning of § 2244(b). *See, e.g., Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 684 (11th Cir. 2019) (per curiam) (citation omitted) (upholding district court's dismissal of habeas petition as "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred").

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this Court from considering the merits of the current petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y, Fla. Dep't Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and "ha[s] no choice but to dismiss it").

The instant Petition is therefore **DISMISSED** without prejudice to Petitioner's right

to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit.[1]

**SO ORDERED**, this 7th day of May, 2025.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary . . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court does not need to address whether Petitioner has met the standards for issuance of a Certificate of Appealability.